**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucille Lorraine MONTOYA,**
**Defendant–Appellant.**

No. 93–2303.

United States Court of Appeals,
Tenth Circuit.

May 19, 1994.

Kurt J. Mayer, Asst. Federal Public Defender, Las Cruces, NM, for defendant-appellant.

Tara C. Neda, Asst. U.S. Atty., and John J. Kelly, U.S. Atty., Albuquerque, NM, for plaintiff-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

█ Ms. Montoya plead guilty to possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D), and appeals the district court's decision not to grant her a two-level downward adjustment of her offense level, U.S.S.G. § 3B1.2(b), for being a minor participant, specifically a courier, see id. comment, (n. 2). The district court's finding that she was not a minor participant is not clearly erroneous. See United States v. Ballard, 16 F.3d 1110, 1114–15 (10th Cir.1994). Ms. Montoya had been involved in this venture at least four months prior to her transporting these seventeen pounds, by acquiring the vehicle and admitting to previous transportation in December 1992. We cannot agree that the district court misapplied the Guidelines by failing to recognize that a courier might be eligible for the adjustment, U.S.S.G. § 3B1.2, comment. (n. 2), or by reasoning that a single defendant would be ineligible for the adjustment, or by failing to make adequate factual findings concerning challenged information, or by failing to explain its decision on the issue. Nor can we agree that Ms. Montoya was deprived of due process because the probation officer responded to Ms. Montoya's objections to the presentence report, or because the probation officer's ambiguous critique of our cases was somewhat broad, or because defendants in other cases have received the downward adjustment based upon stipulation or additional investigation.

█ We reject out-of-hand the assertion that the probation officer is engaging in the unauthorized practice of law by citing our cases to explain a recommended Guideline sentence, or by responding to the objections to the presentence report made by either party. Contrary to the assertion of defense counsel, the probation officer is doing no more than discharging her responsibility under 18 U.S.C. § 3552(a) and Fed.R.Crim.P. 32(c)(2)(B), and assisting the court in resolving objections under Fed.R.Crim.P. 32(c)(3)(D). The district court remains the arbiter of such disputes, and upon proper objection, either the defendant or the government is free to appeal a finding/conclusion urged by the probation officer and ultimately adopted by the district court. See 18 U.S.C. § 3742(a) & (b).

We have reviewed the presentence report, the objections and supplemental objections to it, I R. docs. 23 and 24, and the sentencing transcript. The district court correctly recognized that there were no disputed facts requiring findings and then exercised its discretion based on the facts. III R. 14–15. It was not compelled to accept Ms. Montoya's view of the outcome suggested by selected facts. Ballard, 16 F.3d at 1115. The district court's apparent decision that Ms. Montoya's conduct, and involvement in more than "a single smuggling transaction" placed her beyond the conduct envisioned by U.S.S.G. § 3B1.2, comment. (n. 2), is amply supported by the facts. Given the important function of couriers in drug distribution networks, we have recognized that couriers often are not minor participants. Ballard, 16 F.3d at 1115; United States v. Rangel–Arreola, 991 F.2d 1519, 1524 (10th Cir.1993); United States v. Martinez, 983 F.2d 968, 977–78 (10th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 1959, 2372, 123 L.Ed.2d 662 (1993); United States v. Carter, 971 F.2d 597, 600 (10th Cir.), cert. denied, — U.S. —, 113 S.Ct. 628, 121 L.Ed.2d 560 (1992). And so it is with this case.

AFFIRMED. The mandate shall issue forthwith.