42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Ray YOUNG, Defendant-Appellant.
 No. 94-5052.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Defendant-appellant Steven Ray Young pleaded guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. 371, and one count of wire fraud, 18 U.S.C. 1343 and 2, in connection with a prison scheme to obtain funds from readers of Christian singles magazines. Defense counsel has filed an Anders brief, 386 U.S. 738 (1967), claiming that the district court erred in not granting a two-point downward adjustment for Mr. Young's role in the offense as a minor participant, U.S.S.G. 3B1.2(b). Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742(a), and we affirm.
 
 
 2
 As an initial matter, Mr. Young never objected below on this ground; consequently, the claim is waived. See Fed.R.Crim.P. 32(c)(3)(D); United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994); United States v. Roederer, 11 F.3d 973, 980-81 (10th Cir.1993) (findings determination required upon proper objection). The district court's comment that Mr. Young was "a willing dupe" in this scheme does not minimize his responsibility in this scheme to "cheat these little old ladies out of money." III R. 8. On this record, the district court's failure to characterize Mr. Young as a minor participant is neither clearly erroneous nor plain error. See United States v. Telman, 28 F.3d 94, 97 (10th Cir.1994); United States v. Montoya, 24 F.3d 1248, 1249 (10th Cir.1994).
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument