UNITED STATES of America,
Plaintiff–Appellee,

v.

Corley AYERS, Defendant–Appellee.

No. 95–2032.

United States Court of Appeals,
Tenth Circuit.

May 22, 1996.

John J. Kelly, U.S. Attorney and David N. Williams, Assistant U.S. Attorney, Office of United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Michael Gordon Katz, Federal Public Defender and James P. Moran, Assistant Federal Public Defender, Office of the Federal Public Defender, District of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

Before SEYMOUR, McKAY, and HENRY, Circuit Judges.

HENRY, Circuit Judge.

For the reasons set forth below, we affirm the district court's decision that the defendant-appellant Corley Ayers is not entitled to a reduction in his offense level under 3B1.2 of the United States Sentencing Guidelines (USSG).

Mr. Ayers pleaded guilty to violating 21 U.S.C. 841(a)(1) and 841(b)(1)(B) by possessing with the intent to distribute more than five grams of cocaine. Prior to sentencing, Mr. Ayers objected to certain sections of the presentence report, arguing that his limited involvement in the crime warranted a reduction of the offense level. Additionally, the government requested a downward departure under USSG 5K1.1 because Mr. Ayers had agreed to cooperate in the prosecution of another defendant.

The district court granted the government's motion for downward departure but denied Mr. Ayers's request for a reduction of the offense level. The court sentenced Mr. Ayers to seventy months imprisonment followed by four years supervised release.

On appeal, Mr. Ayers argues that district court erred in declining to decrease his offense level based on his role in the offense under USSG 3B1.2. We review the district court's findings for clear error. *United States v. Santistevan*, 39 F.3d 250, 253 (10th Cir.1994); *United States v. Chavez–Palacios*, 30 F.3d 1290, 1295 (10th Cir. 1994). Under USSG 3B1.2, it is the defendant's burden to establish by a preponderance of the evidence that he or she is entitled to an offense reduction. *Santistevan*, 39 F.3d at 254.

Section 3B1.2 "vests the district court with discretion to grant a base offense level reduction if it finds a defendant is less culpable relative to other participants in a given offense." *Santistevan*, 39 F.3d at 254. Subsection 3B1.2(a) authorizes a four-level reduction if the defendant was a "minimal participant" in the crime. Subsection 3B1.2(b) authorizes a two-level reduction for a "minor participant" in the crime. The commentary to 3B1.2 explains that minimal participants are "defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG 3B1.2 comment. n.1. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.*

The commentary also lists several examples of minimal participants: "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." USSG 3B1.2

comment. n.2. A downward adjustment for minimal participants should be made infrequently. *Id.*

■ In this case, the presentence report concluded that several weeks before his arrest in September 1992, Mr. Ayers rented an apartment in Albuquerque, New Mexico and that a Mr. Paul Markland helped him pay for it. According to the report, Mr. Ayers knew that Mr. Markland was selling cocaine and using the apartment to prepare and store crack cocaine, contact potential buyers, and store money. Rec. vol. V, ¶¶ 23, 30. The report stated that Mr. Ayers acknowledged "that he had sometimes traveled with Markland to pick up money, and had sold cocaine for Markland on occasion over a period of several months." *Id.* ¶ 23. At the time of his arrest, police discovered 90.8 grams of crack cocaine, .4 grams of powdered cocaine, and 3 grams of marijuana in Mr. Ayers's apartment. *Id.* ¶ 20.

In his objections to the presentence report, Mr. Ayers stated that during the period in which he leased the apartment, he did not sell or transport drugs for Mr. Markland. He added that the first time he noticed any drugs in the apartment was on the day of his arrest, when Mr. Markland appeared to have crack cocaine in his possession. However, Mr. Ayers admitted that when he rented the apartment, "[he] did realize that Mr. Markland was involved in narcotic trafficking and had accompanied him on several occasions when Mr. Markland received payments which Mr. Ayers constructively believed were for drug debts." Rec. doc. 107, at 2.

This circuit has not yet addressed the application of 3B1.2 to individuals such as Mr. Ayers who allow their residences to be used by others for drug trafficking. However, with regard to drug couriers, we have refused to adopt a per se rule allowing downward adjustments. *See United States v. Rangel–Arreola,* 991 F.2d 1519, 1524 (10th Cir.1993); *United States v. Calderon–Porras,* 911 F.2d 421, 422 (10th Cir.1990). We have recognized that "[g]iven the important function of couriers in drug distribution networks, ... [they] often are not minor participants." *United States v. Montoya,* 24 F.3d 1248, 1249 (10th Cir.1994).

The reasoning of these cases is applicable here. Although there is no indication in the presentence report that Mr. Ayers arranged drug sales or made deliveries during the time he leased the apartment, the district court could properly conclude that Mr. Ayers played a significant role in facilitating Mr. Markland's drug trafficking scheme. In particular, Mr. Ayers's admitted knowledge of Mr. Markland's drug dealing, his accompanying Mr. Markland in the collection of debts, and his allowing Mr. Markland to use the apartment are all factors supporting the inference that Mr. Ayers knowingly permitted Mr. Markland to use the apartment to sell drugs. It was therefore not clearly erroneous for the district court to find that, like the couriers we described in *Montoya,* Mr. Ayers served an "important function ... in [a] drug distribution network[ ]," *id.,* such that he was not entitled to an offense level reduction under USSG 3B1.2.[1]

Accordingly, the decision of the district court is AFFIRMED.

---

1. In his appellate brief, Mr. Ayers cites several decisions granting reductions in offense levels under 3B1.2 to defendants sharing a residence with drug traffickers: *United States v. Tabares,* 951 F.2d 405, 410 (1st Cir.1991); *United States v. Hall,* 949 F.2d 247, 248–49 (8th Cir.1991); *United States v. Hagan,* 913 F.2d 1278, 1283 (7th Cir.1990). For several reasons, these decisions do not support Mr. Ayers's argument that he is entitled to an offense level reduction. First, like our courier cases, these decisions acknowledge that the application of 3B1.2 is " '*heavily dependent upon the facts of the particular case.*' " *Hagan,* 913 F.2d at 1283 (quoting USSG 3B1.2, comment., (backg'd)). In addition, in each of these decisions, the courts of appeals affirmed the district court's finding regarding 3B1.2. The same deference to the district court's findings is warranted here.