**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VICENTE LIRA, a/k/a Vicente Lira-
Hidrogo,

      Defendant-Appellant.

No. 97-6279
(D.C. No. 97-CR-32)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Vicente Lira appeals his sentence of seventy months imprisonment for conspiracy to distribute heroin and cocaine, and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. The sole issue on appeal is whether the district court erred in denying Mr. Lira a two-level reduction to his base offense level for his role in the conspiracy under United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 3B1.2(b). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

Section 3B1.2(b) authorizes a two-level reduction to a defendant's sentencing base offense level if the court finds the defendant was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). A minor participant is "any participant who is less culpable than most other participants" in the crime. U.S.S.G. § 3B1.2, comment. (n.3). The commentary makes clear this section applies to a defendant who is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd.). The defendant carries the burden of establishing his minor participation by a preponderance of the evidence. *United States v. Ayers*, 84 F.3d 382, 383 (10th Cir. 1996). Since the court's determination of a defendant's role is "heavily dependent upon the facts of the particular case," U.S.S.G. § 3B1.2, comment. (backg'd.), we will not disturb the

court's determination unless it is clearly erroneous. *Ayers*, 84 F.3d at 383.

Mr. Lira objected to the denial of a two-level reduction under U.S.S.G. § 3B1.2 by stating the evidence at trial indicated the "primary responsible person was Raymond Tobias" and all of Mr. Lira's activities "were at [Mr.] Tobias' direction." Although Mr. Lira failed to specify facts supporting his claim at sentencing, he now relies on evidence that he was not present at all of the drug transactions involving his co-defendant, Mr. Carlos Tobias, and Mr. Videll Underwood, an undercover Drug Enforcement Agent, during the period of the conspiracy. In addition, Mr. Lira relies on the fact that when he answered the phone, he always passed the phone to Mr. Tobias for discussions involving drug sales. Furthermore, Mr. Lira relies on Mr. Underwood's testimony the primary focus of investigation was Mr. Tobias. Based on this evidence, Mr. Lira claims at most, he was a follower of Mr. Tobias.

Mr. Lira failed to meet his burden of demonstrating he was a minor participant. The district court's conclusion Mr. Lira was "equally culpable" as his co-defendant, Mr. Carlos Tobias, and probably as culpable as his other co-defendant, Mr. Gerardo Zuniga, was not clearly erroneous. Relying on evidence presented at trial, the court found Mr. Lira was present for and participated in

most of the drug transactions underlying his conspiracy conviction.[1]  He was present and participated in the sale of one-half ounce of black tar heroin to Mr. Underwood on December 20, 1996, during the period of the conspiracy.  At that sale, it was Mr. Lira who removed the heroin from his pocket to give to Mr. Underwood.  Mr. Lira was also present on December 30, 1996, when he and Mr. Tobias met with Mr. Underwood again so Mr. Underwood could pay the remaining cash balance for the December 20 transaction.  Mr. Lira was present and participated in the sale of a one-half kilogram of cocaine on January 31, 1997, with Mr. Tobias and Mr. Underwood.  In addition, Mr. Lira participated in negotiations for future drug sales.  Mr. Lira and Mr. Tobias also shared the same residence from which they negotiated and carried out drug sales together. Consequently, the district court's conclusion "[t]here is nothing in the evidence that would indicate he is entitled to a minor or minimal participant role" is not clearly erroneous.  Mr. Lira clearly played an important function in Mr. Tobias' drug distribution network which conflicts with his alleged minor participation. *See Ayers*, 84 F.3d at 384 (holding defendant's significant role in a drug distribution network prohibited an offense reduction under U.S.S.G. § 3B1.2).  In addition, Mr. Lira's involvement in multiple distributions of controlled substances

---

[1]  Mr. Lira attended two of four drug sales supporting Mr. Lira's drug conspiracy charge.

-4-

weighs against an offense level reduction under § 3B1.2. *United States v. Santistevan*, 39 F.3d 250, 254 (10th Cir. 1994).

Accordingly, the district court's decision is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge