**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL NUNEZ-LOPEZ, also known
as Rafael Preciado, also known as Rafael
Perciodo,

Defendant-Appellant.

No. 97-2083
(D.C. No. CR-96-363-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **BRISCOE**, Circuit Judges.

Defendant Rafael Nunez-Lopez appeals the district court's refusal to grant a

downward departure in offense level for minor or minimal participation in the crimes.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand for

resentencing.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

I.

Between March and May 1996, law enforcement officials investigated reports that Ruben Herrera and Jorge Fonseca-Garcia were distributing narcotics in Roswell, New Mexico. The two men and two additional men were detained at a motel in Roswell on March 28, 1996, and a gram of cocaine, firearms, and cash were found in the room and in a vehicle. All but one of the men were released.

Officials tape-recorded a telephone conversation on May 7, 1996, between Herrera and a confidential informant. Herrera offered to sell methamphetamine and heroin at reduced prices if the informant would loan him money. Later that day, Herrera and Fonseca-Garcia met the informant at a Roswell restaurant. The informant gave Herrera $3,000 in cash for methamphetamine and heroin to be delivered within one week. On May 8, the informant met with Herrera, Fonseca-Garcia, and an unidentified Hispanic male, and gave Herrera $4,800 in cash to pay Herrera's brother's attorney fees in an undisclosed matter. On May 13, the informant called Herrera in California. Herrera told the informant he would soon return to Roswell and would contact the informant prior to leaving California.

On May 22, 1996, officials established surveillance of Herrera at the Hacienda Motel in Roswell. Herrera was accompanied by defendant. Officials also established surveillance of Severiano and Maria de Jesus Ayon-Nunez at the Mayo Lodge in Roswell. The officials observed Herrera and defendant arrive together at the Mayo Lodge, inspect a

vehicle in the parking lot, and walk to the room under surveillance at the Mayo Lodge. Herrera, defendant, and Severiano Ayon-Nunez came out of the motel room and walked to the vehicle previously inspected in the parking lot. Herrera and defendant worked in the front area of the vehicle to remove weather stripping and what appeared to be part of an air duct and pulled small bundles from that area, which they took into the Mayo Lodge room. Officials obtained search warrants for the motel rooms and vehicles and recovered 732 grams of methamphetamine, 148.4 grams of heroin of 63 percent purity, 100.4 grams of heroin of 57 percent purity, and 1.4 grams of marijuana.

All of the individuals were charged by criminal complaint on May 23, 1996, with conspiracy to possess with intent to distribute methamphetamine and heroin. On June 19, an indictment was returned against the same individuals for conspiracy to possess with intent to distribute methamphetamine and heroin, possession with intent to distribute methamphetamine, and possession with intent to distribute heroin. On August 7, a superseding indictment was filed adding Fonseca-Garcia to the conspiracy count.

Defendant pleaded guilty to the three counts on October 16, 1996. During a presentence interview with his probation officer, defendant stated he had agreed to travel with Herrera from California to Roswell and to drive Herrera's truck back to California for $600. He further stated that Herrera informed him "about the drugs" during their trip from California to Roswell and told him "someone else was transporting the drugs for them and they would meet them in Roswell." Presentence rpt. at 6. Defendant stated the

extent of his involvement was to help Herrera "remove the drugs from a vehicle and take them into a hotel." Id.

The probation officer concluded no mitigating role adjustment was warranted under U.S.S.G. § 3B1.2. The officer determined defendant was entitled to a two-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1(a), as well as a one-level decrease for "assist[ing] authorities in the investigation or prosecution of his own misconduct by timely providing complete information to the government concerning his own involvement in the offense," U.S.S.G. § 3E1.1(b)(1). Id. at 8. Defendant's objections to the presentence report challenged the failure to reduce his offense level for playing a minimal or minor role in the charged offenses. Defense counsel raised the objections at the sentencing hearing and defendant stated on the record: "What I was doing was, I was taking or driving the truck that belonged to this fellow, Ruben, and he's here. That's all." Sentence tr. at 6. The district court rejected defendant's objections, stating: "I don't find he is . . . a minor or minimal participant." Id. at 8. The court proceeded to adopt "the factual findings and guideline applications in the presentence report," and sentenced defendant to concurrent sentences of eighty-seven months' imprisonment on each charge. Id. at 9.

II.

**Appellate jurisdiction**

Under Fed. R. App. P. 4(b), a criminal defendant must file a notice of appeal

within ten days from entry of judgment on the criminal docket. However, with or without a motion and upon a showing of excusable neglect, the district court may grant an extension of time to file a notice of appeal not to exceed thirty days from expiration of the ten-day period otherwise allowed. Because a timely notice of appeal is "mandatory and jurisdictional," United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991), the threshold question in this case is whether defendant filed a timely notice of appeal.

Defendant filed his notice of appeal on March 20, 1997, more than ten but less than forty days after entry of judgment on March 7. The parties were directed to submit briefs on the issue of appellate jurisdiction. Defendant responded his counsel did not timely receive a copy of the judgment. Defendant also filed a motion for extension of time to file his notice of appeal in district court on May 21, 1997, and on June 2, the district court issued an order nunc pro tunc granting defendant's extension motion to March 20, 1997.

Since defendant filed his notice of appeal before expiration of forty days after entry of final judgment, the district court had jurisdiction to consider his subsequent motion for extension of time. United States v. Avery, 658 F.2d 759, 761 (10th Cir. 1981). By granting that motion, the court implicitly found defendant's failure to file his notice of appeal within the ten-day period was due to excusable neglect. Applying an abuse of discretion standard, we conclude the court did not err in finding excusable neglect and in granting defendant's motion. See City of Chanute v. Williams Natural Gas Co., 31 F.3d

1041, 1045 (10th Cir. 1994); see also United States v. Wacker, 72 F.3d 1453, 1462 n.4 (10th Cir. 1995).

**Application of U.S.S.G. § 3B1.2**

As his sole issue on appeal, defendant challenges the district court's refusal to reduce his offense level pursuant to U.S.S.G. § 3B1.2 for playing a minimal or minor role in the charged offenses. Section 3B1.2 allows for a four-level decrease in offense level "[i]f the defendant was a minimal participant in any criminal activity," and a two-level decrease "[i]f the defendant was a minor participant." U.S.S.G. § 3B1.2(a) and (b). The sole focus in determining whether either reduction is appropriate is "culpability, not status or position." United States v. Donaldson, 915 F.2d 612, 615 (10th Cir. 1990). The reduction for minimal participation "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment (n.1). Examples of minimal participants include "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Id., comment (n.2). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment (n.3); see United States v. Smith, 131 F.3d 1392, 1399 (10th Cir. 1997), cert. denied 118 S. Ct. 1109 (1998).

We review the district court's finding that defendant was neither a minor nor a minimal participant for clear error. United States v. Ayers, 84 F.3d 382, 383 (10th Cir. 1996). The burden is on defendant to prove, by a preponderance of the evidence, that he is entitled to an offense level reduction for minor or minimal participation. Id. The district court is not required to state specific reasons for refusing to reduce defendant's offense level for minor or minimal participation. Donaldson, 915 F.2d at 615. Instead, the question is simply whether the record on appeal "contains sufficient evidence that a reasonable judge could make that particular finding." Id.

Here, the court found defendant was neither a minor nor a minimal participant, but offered no further rationale for its findings. Thus, the question is whether the record on appeal contains sufficient evidence to support the findings. The three primary sources of evidence in the record are the transcript of defendant's plea hearing, the presentence report, and the transcript of the sentencing hearing. At the plea hearing, the following colloquy took place:

| THE COURT: | All right. All right, Mr. Nunez, how do you plead to Count I of the indictment, guilty or not guilty? |
| DEFENDANT: | Well, guilty of traveling with the driver of the truck we were riding in. I just was traveling with the guy who was the driver. Yes, I'm guilty. |
| THE COURT: | All right. So you were traveling with the driver, you know there were drugs in the car? |
| DEFENDANT: | We didn't have it. |
| THE COURT: | They were in the other car? |
| PROSECUTOR: | Yes, Your Honor. |
| DEFENDANT: | Yes, in the other car. |
| THE COURT: | But you were there to help distribute the drugs, carry |

them, do something with them?

DEFENDANT: We just got them out of the car.

THE COURT: All right. How do you plead to Count II of the indictment, which charges you with possessing with intent to distribute 100 grams of -- or more of methamphetamine, guilty or not guilty?

DEFENDANT: Yes, guilty.

THE COURT: All right. Tell me in your own words what it is you did that makes you guilty under this count.

DEFENDANT: Just because we helped get it out of the car.

THE COURT: All right. And you knew they were drugs?

DEFENDANT: They told me they were drugs, yes.

THE COURT: And how do you plead to Count III of the indictment, which charges you with possession with intent to distribute more than 100 grams of heroin, guilty or not guilty?

DEFENDANT: Yes, guilty.

THE COURT: Again, tell me in your own words what you did that makes you guilty of this crime.

DEFENDANT: Because I picked it up.

THE COURT: Okay. All right. Is the government satisfied there's sufficient admission by the defendant of his guilt?

PROSECUTOR: Your Honor, it's difficult to answer. The government's proof, I should go ahead and tell the Court, would be that these amounts of drugs are consistent with the intention to distribute those drugs and that they're worth approximately $13,500 a pound for the methamphetamine and approximately $1900 an ounce for the heroin, so with that addition I suppose it's barely sufficient.

THE COURT: Well, what he's told us is that he's in a car with others knowing that the drugs are in the other car, and then he knows that he is offloading the drugs, so at that time he possesses them with the intent to distribute.

PROSECUTOR: I think that's right.

THE COURT: So I think he has met a bare threshold. Do you think so, Mr. Esparza?

DEF. COUNSEL: Yes, Your Honor. In addition, there [were] prior meetings prior to the arrival of the many codefendants in which my client was present where they discussed

the delivery to the Roswell area, which I believe the government would go into as part of the case in chief should my client proceed to trial.[1]

Plea tr. at 9-11.

The presentence report outlines the "Offense Conduct" and sets forth the general facts of the investigation and the underlying criminal conduct. Defendant is not listed as participating in any meetings and was apparently first seen by law enforcement officials during surveillance of the motels in Roswell. At one of the motels, defendant was observed assisting Herrera near the front of a vehicle in the motel parking lot and then taking a small bundle from that vehicle into the motel room. Under "Adjustment for Acceptance of Responsibility," the report described statements made by defendant during the presentence interview. Defendant stated he had agreed to travel with Herrera from California to Roswell and then to drive Herrera's truck back to California for $600. Herrera informed defendant during the trip from California to Roswell "about the drugs" and that "someone else was transporting the drugs for them and they would meet them in Roswell." The extent of defendant's involvement was to help Herrera "remove the drugs

---

[1] In its response brief, the government relies on this statement by defense counsel as evidence of defendant's involvement in the crime. We conclude this reliance is misplaced. First, defense counsel's statement is ambiguous. In particular, it is unclear from his statement whether defendant was present at any of the "prior meetings." Second, to the extent defense counsel was asserting defendant attended any meetings, this is in conflict with defendant's own statement of what occurred. Finally, it is well established that statements of counsel are not evidence. See United States v. Fetlow, 21 F.3d 243, 248 (8th Cir. 1994).

from a vehicle and take them into a hotel." Presentence Rpt. at 6. Both the probation officer and the district court apparently believed defendant's statements because they granted him a two-level reduction for acceptance of responsibility and a one-level reduction for "timely providing complete information to the government concerning his own involvement in the offense." Id. at 8.

At the sentencing hearing, defense counsel argued defendant was a minor or minimal participant in the charged offenses. Defendant stated on the record: "What I was doing was, I was taking or driving the truck that belonged to this fellow, Ruben [Herrera], and he's here. That's all." Sentence tr. at 6.

In an attempt to demonstrate defendant played more than a minor or minimal role, the government cites (and attaches to its response brief) statements made by Herrera during his separate plea hearing. In particular, the government points to where Herrera explained why he was guilty of the charged crimes:

| THE COURT: | Tell me in your own words what it is you did that makes you guilty of these three counts of the indictment. |
| HERRERA: | Well, I just happened to be in Roswell, you know, for that purpose of selling drugs, along with my codefendants. We all agreed to sell you know, narcotics that date and we -- we had -- we had done this, you know, like almost three months -- |
| THE COURT: | So you agreed with the other defendants in this case that you would transport the drugs? |
| HERRERA: | Yes. |
| THE COURT: | And that you -- |
| HERRERA: | We all made an agreement in California that we were |

supposed to meet in Roswell for that purpose.

Plea tr. at 14-15. The problem with the government's reliance on Herrera's statements is the statements are ambiguous with respect to defendant's involvement. It is possible Herrera's statements are consistent with defendant's version of his involvement in the offenses. Moreover, there is no indication in the record that these statements were considered by the district court in sentencing defendant. Herrera was separately charged, and the record generated in his case was not before the district court when defendant was sentenced.[2]

We conclude the evidence in the record on appeal is insufficient to support the district court's finding that defendant was neither a minor nor a minimal participant in the charged offenses. Under normal circumstances, a district court can simply choose not to believe a defendant's assertion that he was a minor or a minimal participant in a crime. See United States v. Ballard, 16 F.3d 1110, 1115 (10th Cir. 1994). Here, however, the court granted a one-level reduction for "timely providing complete information to the government concerning his own involvement in the offense." Presentence rpt. at 8. By doing so, the court necessarily must have believed the statements made by defendant to the probation officer were truthful and complete, and was thus required to consider those statements in determining defendant's role in the charged offenses. In light of

_____

[2] It is from the record in Herrera's case that the dissent finds support for the "fact" that defendant was present at meetings in California during which the co-conspirators discussed delivery of drugs to Roswell. Dissent at 2.

-11-

defendant's limited involvement in the charged offenses, he appears to be, at least upon the factual record before us, among the least culpable members of the conspiracy.

III.

Because we conclude the district court committed clear error in finding defendant was neither a minor nor a minimal participant in the charged offenses, we REVERSE and REMAND for resentencing. Although the district court is not bound on remand to reduce defendant's offense level pursuant to U.S.S.G. § 3B1.2 for playing a minor or minimal role in the charged offenses, it must have a sufficient factual basis for refusing to do so.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

97-2083, <u>United States v. Nunez-Lopez</u>

BALDOCK, Circuit Judge, dissenting.

Because I cannot agree with the court's conclusion that "the district court committed clear error in finding defendant was neither a minor nor a minimal participant in the charged offenses," I dissent. Under U.S.S.G. § 3B1.2, a defendant has the burden of proving by a preponderance of the evidence that he is entitled to an offense reduction as a minor or minimal participant. <u>United States v. Ayers</u>, 84 F.3d 382, 383 (10th Cir. 1996). A district court's findings concerning a defendant's role in a particular offense are factual, and thus subject to deferential review under a clearly erroneous standard. <u>United States v. Durham</u>, 139 F.3d 1325, 1336 (10th Cir. 1998). A finding of fact is clearly erroneous only if it is "without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." <u>United States v. Phelps</u>, 17 F.3d 1334, 1337 (10th Cir. 1994). Applying this standard, my review of the record convinces me that the district court's findings are not clearly erroneous.

In this case, the facts before the district court regarding Defendant's culpability for the charged offenses were adequate to support the court's findings that Defendant was neither a minor nor a minimal participant in those offenses. The record viewed in a light most favorable to the district court's ultimate findings, <u>see</u> <u>United States v. Conley</u>, 131 F.3d 1387, 1389 (10th Cir. 1997),

shows the following: Defendant was present at meetings in California during which the co-conspirators discussed delivery of drugs to Roswell. In exchange for $600.00, Defendant agreed to accompany a vehicle from California to Roswell which he learned contained a substantial amount of drugs. As part of the deal, Defendant also agreed to drive co-conspirator Ruben Herrera's truck from Roswell back to California once the drugs were delivered. After arriving in Roswell, Defendant helped unload 732 grams of methamphetamine and 248 grams of heroin from a hidden compartment in the vehicle. These facts clearly indicate that Defendant was involved in the distribution of drugs for financial gain.

Although Defendant denied any significant knowledge of the conspiracy, the record on appeal "contains sufficient evidence" to sustain the district court's finding under U.S.S.G. § 3B1.2. United States v. Donaldson, 915 F.2d 612, 615 (10th Cir. 1990). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." United States v. Soto, 48 F.3d 1415, 1420 (7th Cir. 1995). A trial judge's findings of fact cannot be deemed clearly erroneous merely because appellate judges may give the evidence a different construction or resolve ambiguities differently. See United States v. National Assoc. of Real Estate Bds., 339 U.S. 485, 495-96 (1950).

The court correctly points out that the district court accepted the probation office's recommendation to grant Defendant a one-level reduction under

U.S.S.G.§ 3E1.1(b)(1) for "timely providing complete information to the government concerning his own involvement in the offense." The court then concludes that by doing so, the district court "necessarily must have believed the statements made by defendant to the probation officer were truthful and complete, and was thus required to consider those statements in determining defendant's role in the charged offenses." If the government had objected to the one-level reduction under § 3E1.1(b)(1), and the district court had overruled that objection, then a problem with inconsistent findings might arise. But neither the Government nor Defendant objected to the presentence report, so the district court simply adopted the reports "factual findings and guideline applications." The district court is far too busy to do the Government's job for it, and certainly should not be required to raise objections to a presentence report sua sponte. Thus, I cannot fault the court for granting a reduction under §3E1.1(b)(1), while denying a reduction under § 3B1.2

I would affirm the judgment of the district court.