**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

RAFAEL VICTOR TORRES ANDRADE,

    Defendant-Appellant.

No. 98-8100
(D.C. No.97-CR-127-02-B)
(Dist. of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK, BARRETT, and BRORBY** Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rafael Victor Torres Andrade (Andrade) appeals his conviction and sentence following a jury trial. He was found guilty of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1), and conspiracy to possess methamphetamine with intent to distribute, in violation of 18 U.S.C. § 846.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Facts

On October 29, 1997, Andrade flew from Casper, Wyoming to Los Angeles, California to pick up a van and drive it back to Wyoming. On October 30, 1997, at 3:54 a.m., the California Highway Patrol stopped Andrade for failure to have a working rear license plate light. California Highway Patrolman Stephenson gave Andrade a verbal warning regarding the license plate light and returned Andrade's driver's license and insurance paper work to him. Patrolman Stephenson then asked Andrade a series of questions. He asked if there was anything illegal in the van, if there were any weapons, any alcohol, or any illegal drugs such as marijuana. Andrade answered "No" to each question. (ROA, Supp. Vol. 1 at 25-26.) Patrolman Stephenson then asked if there was any cocaine, any heroin, or any methamphetamine. *Id*. at 26. Andrade answered "No" to the questions regarding cocaine and heroin, but did not answer and looked away when asked about methamphetamine. *Id*. Patrolman Stephenson asked again if there was any methamphetamine in the van and Andrade responded "What's that?" *Id*. Patrolman Stephenson then asked if he could search the van. Andrade responded "It's okay. Go ahead." *Id*.

During the search, the officers observed duct-taped packages hidden in the cowling of the van beneath the windshield wipers which the officers believed to contain methamphetamine. Andrade was then arrested for possession of illegal narcotics. Seven package were recovered from the van containing approximately 3.2 kilograms of methamphetamine.

At the Barstow California Police Department, Andrade verbally waived his *Miranda* rights and told the investigating officer, Deputy Silva, that he was being paid $2,000 plus expense money to drive the van from Los Angeles, California, to Casper, Wyoming. *Id*. Vol. 3 at 105, 109-10. He also told Officer Silva that he knew he was transporting "crank" or methamphetamine. *Id*. at 109,

Andrade then agreed to make a controlled delivery of the van in Wyoming.

Once in Casper, Andrade called the telephone number he had been given prior to the trip and spoke with "Nene." Andrade then delivered the van to 1831 Boxelder Street. Upon arrival, Andrade honked the horn and his codefendant, Jose Aurelio Verduzco-Martinez (Verduzco-Martinez), came out of the residence. Verduzco-Martinez and Andrade discussed the van and Verduzco-Martinez received the key to the van. They were arrested as they attempted to leave the area.

On November 20, 1997, the grand jury indicted Andrade on charges of conspiracy to possess methamphetamine with intent to distribute and to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1) and 18 U.S.C. § 846. In August, 1998, Andrade and Verduzco-Martinez were tried together. On August 17, 1998, the jury found Andrade guilty. On October 30, 1998, he was sentenced to 151 months imprisonment.

On appeal, Andrade contends that: (1) the district court erred in denying his motion to suppress the evidence found in the search of the van; and (2) the district court erred in denying him a reduction in his base offense level for acceptance of responsibility under U.S.S.G. 3E1.1, for being a minimum or minor participant in the offence under U.S.S.G. 3B1.2, and pursuant to the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

Discussion

I.

Andrade contends that the district court erred in denying his motion to suppress the methamphetamine found in the van because his consent to search was not freely, knowingly, intelligently, and voluntarily given based on his limited knowledge and understanding of the English language. Andrade argues that the officers should have been required to obtain written consent to

search or record the consent to search. In reviewing a denial of a motion to suppress, we review the district court's findings of fact for clear error and view the evidence in a light most favorable to the government. *United States v. Downs*, 151 F.3d 1301, 1302 (10th Cir.1998), *cert. denied*, 119 S.Ct. 1483 (1999).

A vehicle may be validly searched without a warrant or probable cause if a person in control of the vehicle has given his voluntary consent to the search. *See United States v. Santurio*, 29 F.3d 550, 552 (10th Cir.1994) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)). "Whether [voluntary] consent has been given is a question of fact and is determined from the totality of the circumstances." *Id.* (citing *United States v. Mendenhall*, 446 U.S. 544 (1980)). *See United States v. Doyle*, 129 F.3d 1372, 1377 (10th Cir.1997) ("Whether a consent to search that does not follow a Fourth Amendment violation was voluntary is a question of fact to be determined from the totality of the circumstances."). To establish voluntary consent, "[t]he government must show there was no duress or coercion, express or implied, that the consent was unequivocal and specific, and that it was freely and intelligently given." *United States v. Hernandez*, 93 F.3d 1493, 1500 (10th Cir. 1996).

We hold that the district court did not err in finding that Andrade freely, voluntarily, knowingly, and intelligently consented to the search of the van. Further, the court did not err in denying Andrade's motion to suppress the evidence found in the van.

Prior to the request to search, Patrolman Stephenson returned Andrade's a driver's license and insurance paper work. Andrade was then free to leave at that time. There is no evidence that Patrolman Stephenson's questioning was accompanied by any coercive show of authority, such as using a commanding tone of voice, physically touching Andrade, or showing or touching a weapon. Patrolman Stephenson did nothing which would indicate that compliance with the request to search

the car was compulsory. Although Andrade may have a limited understanding of the English language, his responses to questioning during and after the traffic stop were responsive and appropriate and did not suggest he was confused or misunderstood the officers. Furthermore, Andrade admitted he voluntarily consented to the search of the van in subsequent questioning after his arrest. (ROA, Supp. Vol. 1 at 86 and 106.) There is no legal requirement that officers record consent to search in writing or on tape and we will not impose one.

II.

Andrade contends that the district court erred in denying him a reduction in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, for being a minimum or minor participant in the offence under U.S.S.G. § 3B1.2, and pursuant to the safety valve provision of 18 U.S.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

Andrade asserts that he is entitled to a reduction in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 because he timely provided complete information regarding his role in the offense, assisted in the controlled delivery of the van, and accepted responsibility prior to sentencing. "We must accept the district court's finding that [Andrade] did not accept responsibility unless the court clearly erred." *United States v. Portillo-Valenzuela*, 20 F.3d 393, 394 (10th Cir.), *cert. denied*, 513 U.S. 886 (1994).

A reduction in base offense level is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n.2). *See United States v. Moudy*, 132 F.3d 618, 621 (10th Cir.), *cert. denied*, 118 S.Ct. 1334 (1998); *United States v. Allen*, 129 F.3d 1159, 1166-67 (10th Cir. 1997). "In 'rare situations' a defendant

may deserve the reduction for acceptance of responsibility even though he goes to trial." *Portillo-Valenzuela*, 20 F.3d at 394. This is not one of those rare situations. *See* U.S.S.G. § 3E1.1, comment. (n.2). Andrade formally denied factual guilt by pleading not guilty and forced the government to prove his factual guilt at trial. "Pleading not guilty and requiring the government to prove guilt at trial demonstrate[s] denial of responsibility, regardless of how easily the government can prove guilt." *Portillo-Valenzuela*, 20 F.3d at 394-95. Therefore, we hold that the district court did not err in denying Andrade a reduction in his base offense level for acceptance of responsibility.

Andrade asserts that he is entitled to a two to four level reduction in his base offense level for being a minimum or minor participant in the offense under U.S.S.G. § 3B1.2 because he was only a courier in a single drug transaction and clearly less culpable than his codefendant, Verduzco-Martinez. We review the district court's findings concerning a defendant's role in the offense for clear error. *United States v. Durham*, 139 F.3d 1325, 1336 (10th Cir.), *cert. denied*, 119 S.Ct. 158 (1998).

To receive a reduction under U.S.S.G. § 3B1.2, Andrade must prove by a preponderance of the evidence that he was a minimal or minor participant in the offense. *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994). Andrade is not entitled to a reduction pursuant to U.S.S.G. § 3B1.2 simply because he is the least culpable among several participants in a jointly undertaken criminal enterprise. *Id*. Nor is he entitled to a reduction simply because he was a courier. *United States v. Ayers*, 84 F.3d 382, 384 (10th Cir. 1996); *United States v. Montoya*, 24 F.3d 1248, 1249 (10th Cir. 1994). Based on the record before us, we hold that the district court's finding that Andrade was not a minimal or minor participant in the offense was not clearly erroneous.

Andrade argues that he is entitled to a reduction in his base offense level pursuant to the

safety valve provision of 18 U.S.S.C. § 3553(f) and U.S.S.G. § 5C1.2 because he truthfully told all

he knew about the transaction. The district court's determination that a defendant is not eligible as

a matter of fact for a sentence reduction under 18 U.S.S.C. § 3553(f) and U.S.S.G. § 5C1.2 is

reviewed for clear error. *United States v. Acosta-Olivas*, 71 F.3d 375, 378 n.3 (10th Cir. 1995).

The district court denied Andrade's motion pursuant to the safety valve provision of 18

U.S.S.C. § 3553(f) and U.S.S.G. § 5C1.2 because the court doubted that he was truthful and had

provided all the information and evidence he knew concerning the offense. (ROA, Vol. 8 at 15.)

The burden was on Andrade to meet all five criteria of 18 U.S.C. § 3553(f), including disclosing all

information and evidence regarding the offense.[1] *See United States v. Myers*, 106 F.3d 936, 941

(10th Cir.), *cert. denied*, 520 U.S. 1270 (1997). Andrade did not meet this burden. The district

court's doubt regarding Andrade's credibility precluded the court from finding that he has satisfied

the "tell all that you can tell" requirement. *See Acosta-Olivas*, 71 F.3d at 378-79. Credibility

determinations are within the sound discretion of the district court and entitled to great deference.

*In re Stewart*, 175 F.3d 796, 801-02 n.5 (10th Cir. 1999) ("credibility determinations are within the

sound discretion of the trial judge"); *LDL Research & Dev. II, Ltd. v. Commissioner of Internal

Revenue*, 124 F.3d 1338, 1344 (10th Cir.1997) (citing *Anderson v. City of Bessemer City, N.C.*, 470

U.S. 564, 573-74 (1985) ("When findings are based on determinations regarding the credibility of

---

[1]    The four criteria, not at issue, are:
"(1)    the defendant does not have more than 1 criminal history point, . . .;
(2)    the defendant did not use violence or credible threats of violence or possess a
       firearm or other dangerous weapon (or induce another participant to do so) . . .;
(3)    the offense did not result in death or serious bodily injury to any person;
(4)    the defendant was not an organizer, leader, manager, or supervisor of others in the
       offense, . . . and was not engaged in a continuing criminal enterprise, . . .."
18 U.S.C. § 3553(f)(1)-(4). *See* U.S.S.G. § 5C1.2.

witnesses, Rule 52(a) demands even greater deference to the trial court's findings.")). Therefore, we hold that it was not clearly erroneous for the district court to conclude that Andrade failed to meet his burden of showing he was entitled to a sentence reduction.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge