**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STUART HARWOOD,

Defendant-Appellant.

No. 11-8028

(D. of Wyo.)

(D.C. No. 10-CR-00118-WFD)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Stuart Harwood pleaded guilty to the offenses of conspiracy to possess with

intent to distribute and to distribute methamphetamine, and to being a felon in

possession of ammunition. At sentencing, Harwood moved for a mitigating-role

adjustment under the United States Sentencing Guidelines (USSG) and a

discretionary downward variance. The district court declined to grant either a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

mitigating-role adjustment or a downward variance, instead sentencing Harwood in the middle of the applicable guidelines range.

Harwood appeals his sentence on two grounds. First, he claims the district court erred in declining to apply a mitigating-role adjustment. Second, he claims his sentence was substantively unreasonable under § 3553(a).

Exercising our jurisdiction under 28 U.S.C. § 1291, we AFFIRM the decision of the district court.

# I.  Background

Harwood was charged in connection with a federal investigation into a methamphetamine distribution conspiracy that ran from January 2000 through May 2010. Although Harwood was acquainted with several of his co-conspirators for many years, he did not become directly involved until March 2010. While he was involved with the conspiracy, Harwood bought methamphetamine from his co-conspirators and redistributed it. He also provided transportation to and from drug deals for Steven Bernal, one of the leaders of the conspiracy. In addition, Harwood twice unsuccessfully attempted to broker a new source of supply for the conspiracy. Finally, Harwood advised Bernal regarding the unlawful procurement and resale of a firearm.

Harwood pleaded guilty pursuant to a plea agreement to two counts: conspiracy to possess with intent to distribute and to distribute methamphetamine,

and to being a felon in possession of a firearm. At sentencing, Harwood moved for a mitigating-role adjustment under USSG § 3B1.2, and a downward variance under 18 U.S.C. § 3553(a).

The district court did not rule on these requests immediately, instead opting to take testimony from the probation officer who prepared Harwood's presentencing report. The officer explained her opinion that Harwood's contributions to the conspiracy, particularly his provision of transportation to one of the conspiracy's leaders, made Harwood more than a minor or minimal participant, and thus ineligible for a mitigating-role adjustment.

After hearing this testimony, the district court denied Harwood's motions and sentenced him to 94 months imprisonment, in the middle of the applicable guidelines range of 84 to 105 months.

## II. Discussion

Harwood challenges his sentence on two grounds. First, he claims the district court erred by failing to apply a mitigating-role adjustment under the Guidelines. Second, he claims his sentence was substantively unreasonable.

### A.      *Mitigating-Role Adjustment*

In considering whether the district court erred in its calculation of the applicable guidelines range, we review the district court's factual findings for clear error. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). A

defendant must prove by a preponderance of the evidence that he is entitled to a mitigating-role adjustment. The Guidelines call for a 2-level sentencing decrease for a "minor participant," and a 4-level decrease for a "minimal participant." USSG § 3B1.2. Whether a defendant qualifies as a minor participant "is based on the totality of the circumstances and involves a determination that is heavily dependant upon the facts of the particular case." USSG § 3B1.2, cmt. n.3(C).

The minor-participant adjustment is available to "a defendant . . . who is less culpable than most other participants [in the offense], but whose role could not be described as minimal." § 3B1.2, cmt. n.5. The minimal-participant adjustment, in turn:

> applies to a defendant . . . who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

§ 3B1.2, cmt. n.4. Harwood claims he "lacked any knowledge or understanding about the nature and scope of Bernal's conspiracy and played only a short, tangential and minor role," and the district court's finding to the contrary was clear error. Aplt. Reply Br. at 4.

The court considered, and rejected, Harwood's argument that he was a minor participant:

> The Court, having heard the testimony of [probation] and also being mindful of the . . . tape recordings of conversations between

Mr. Bernal and Mr. Harwood — all of that taken together, it is . . . the view of the Court that a role in the adjustment [sic] is not appropriate . . . in this case.

The defense . . . has not offered any evidence that would meet its burden of proving that there was some justification for a sentencing reduction; but while this defendant's role was a matter of a few months, while he was in it, he was in up to his hips. To give him a "role in the offense" adjustment is to ignore the facts before the Court. The Court declines to give . . . a "role in the offense" adjustment here.

R., Vol. 3, at 129.

Based on the record, we do not think the district court's finding that Harwood was not a minor participant was clearly erroneous. First, the evidence shows Harwood provided transportation for Bernal to drug deals on multiple occasions when Bernal did not have access to transportation of his own. The court could reasonably conclude based on that fact that Harwood, during the time he was involved in the conspiracy, "served an important function." *United States v. Ayers*, 84 F.3d 382, 384 (10th Cir. 1996); *see also United States v. Martinez*, 512 F.3d 1268, 1276 n.3 (10th Cir. 2008) ("[A] defendant does not deserve an adjustment based *solely* on his status as a drug courier.").

In addition, Harwood and Bernal discussed Bernal's supply problems at length, and Harwood attempted to broker two new supply deals for Bernal, though these attempts were unsuccessful. Harwood also advised Bernal regarding the purchase and resale of a firearm. The district court reasonably could find that, in the face of this evidence, Harwood's claim that he "lacked any knowledge or

understanding about the nature and scope of Mr. Bernal's conspiracy," Aplt.

Reply Br. at 4, was not credible.

While reasonable minds might differ, the district court's conclusion that

Harwood failed to show he played a minor role in the conspiracy was not clearly

erroneous.

## B.      Substantive Unreasonableness

We review a claim of substantive unreasonableness for abuse of discretion.

*United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010), *cert. denied*, 130 S.

Ct. 3441 (2010).[1]  "A district court abuses its discretion when it renders a

judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."

*Id.* (internal quotation marks omitted).  A sentence "within the properly calculated

guidelines range . . . is presumed reasonable."  *Id.*  "The defendant may rebut the

presumption, however, by demonstrating that the sentence is unreasonable when

viewed against the other factors delineated in § 3553(a)."  *Id.*  (internal quotation

marks omitted).

Section 3553(a) "lists the factors a sentencing court must consider when

imposing a sentence."  *Id.*  Harwood's argument focuses on one of these factors:

---

[1] Harwood candidly suggests that he may not have made a proper objection at sentencing, thereby making plain-error review appropriate.  But, the government does not press this point, instead advising us to adopt the less-deferential abuse-of-discretion standard.  Because we find affirmance is appropriate even under the abuse-of-discretion standard, we assume that standard applies without addressing whether plain-error review is appropriate.

"the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  Harwood claims the district court did not consider the just-punishment aspect of sentencing, instead focusing on Harwood's criminal history.  He argues a just sentence would be significantly shorter, given his role in the conspiracy, his drug addiction, and the short period of time in which he participated in the conspiracy.

The record shows the district court considered the § 3553(a) factors.  After listening to Harwood's argument for a downward variance, the court found no variance was warranted:

> In declining to exercise my discretion to sentence outside the advisory guideline range, the Court has considered, most notably, the nature of this offense and the criminal history and characteristics of this defendant which are substantial. Even if the Court doesn't count the criminal history points for the burglary and criminal entry in Paragraph 49 which I have not counted, we have a situation where this defendant has not received the message that the state court judge wanted him to receive in that case.
>
> He was given a number of opportunities in that case; and while no criminal history points are considered for purposes of a guideline application here, it's worth noting that the defendant, while on probation, absconded from supervision and was revoked in July of 1999 by the state court judge in that case, reinstated to probation but absconded yet again.
>
> The second revocation occurred in September of 2000 at which time he was sentenced to a term of 35 to 85 months of imprisonment which was suspended so that he could serve a split sentence of six months in jail followed by another two-year term of probation. He

was placed in Community Alternatives upon his release from jail as a condition of his probation which he completed in August of 2001.

His final revocation occurred in September of 2002 after he used methamphetamine on a number of occasions. He was sentenced to serve . . . six months in jail. The case was discharged upon the completion of that term. So we have . . . strong evidence that this defendant cannot conform his conduct because of the severity of his addiction; and, of course, he poses a risk to society.

And, of course, then we have the case that we heard before my colleague, Judge Johnson, and for which he was still on supervised release at the time of this offense. In that case, he was in possession of a firearm. Again he was placed at Casper Reentry for a final portion of his custody on May 9th and was released from custody on July 2008, but he was arrested on this offense, the instant offense on May 18, 2010.

During the history of that case, he served a sentence of 15 months imprisonment followed by three years of supervised release. He was arrested on May 18, 2010, pursuant to petition for revocation of supervised release and a warrant, of course, because of this instant offense.

Since he has that prior conviction in '07 for being a felon in possession of a firearm, we know he has a certain fondness for weapons, and that reared its head again when he, for all practical purposes, became a consultant for Mr. Bernal in evaluating the value of a gun. So this history points to the Court its obligation to protect the community from Mr. Harwood's further criminal behavior, and the Court needs to sentence the defendant in a way that recognizes that obligation and hopefully sentence him in a way that deters him from future such criminal activity and sends an important message to the community that this kind of conduct cannot be tolerated in the District of Wyoming.

For those reasons, the Court declines to exercise its discretion to a sentence outside the otherwise applicable guideline range. The Court believes that the guideline range sentence is sufficient but not greater than necessary to meet the purposes of sentencing established

-8-

by Congress under 3553(a), Title 18, and the Court's decision is that he will be sentenced within that range.

R., Vol. 3 at 134–35.

This analysis shows that the district court indeed placed very significant weight on Harwood's criminal history. But it is not our role to re-weight the relevant factors for the district court. *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). In addition, "[t]he sentencing court . . . is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010). And, as defense counsel himself admitted, Harwood's argument for a downward variance was based heavily on his role in the conspiracy—an argument the district court had already considered, and rejected, with regards to the mitigating-role adjustment.

Accordingly, we conclude Harwood fails to rebut the presumption that his within-guidelines sentence was reasonable.

# III. Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge