UNITED STATES of America,
Plaintiff–Appellee,

v.

Reyes PORTILLO–VALENZUELA,
Defendant–Appellant.

No. 93–1328.

United States Court of Appeals,
Tenth Circuit.

April 1, 1994.

Submitted on the Briefs: *

Michael G. Katz, Federal Public Defender, and Nancy Jardini, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

James R. Allison, Interim U.S. Atty., and Joseph Mackey, Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Reyes Portillo–Valenzuela appeals his sentence for unlawful reentry into the United States in violation of 8 U.S.C. § 1326(b)(2). He claims that the district court should have reduced his offense level under the United States Sentencing Guidelines by two or three levels because he accepted responsibility for his crime. *See* U.S.S.G. § 3E1.1. We conclude that the district court did not clearly

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

err when it found that Portillo–Valenzuela's plea of not guilty and insistence on trial to prove his guilt indicated that he had not accepted responsibility for his crime. We therefore affirm the sentence.

## BACKGROUND

Portillo–Valenzuela was deported twice after drug convictions in 1990. In March, 1993, he was arrested under a different name in Pueblo, Colorado. Portillo–Valenzuela cooperated with the Immigration and Naturalization Service by admitting his true name and confessing that he was in the country illegally and had been deported before.

Nevertheless, Portillo–Valenzuela pleaded not guilty and went to trial. He did not testify and did not try to retract his confession, but he did require the government to prove his factual guilt.

At sentencing Portillo–Valenzuela argued that the court should reduce his offense level by three levels because he had accepted responsibility and qualified for the reduction in U.S.S.G. § 3E1.1(b). The district court refused to grant any reduction for acceptance of responsibility because Portillo–Valenzuela had pleaded not guilty and forced the government to prove his factual guilt at trial. Portillo–Valenzuela appealed the sentence.

## DISCUSSION

I. Acceptance of Responsibility

 Portillo–Valenzuela must prove by a preponderance of the evidence that he is entitled to the sentence reduction. *See United States v. Amos*, 984 F.2d 1067, 1073 (10th Cir.1993). We must accept the district court's finding that Portillo–Valenzuela did not accept responsibility unless the court clearly erred. *See United States v. Chimal*, 976 F.2d 608, 613 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1331, 122 L.Ed.2d 715 (1993); *United States v. Spedalieri*, 910 F.2d 707, 712 (10th Cir.1990).

In "rare situations" a defendant may deserve the reduction for acceptance of responsibility even though he goes to trial. U.S.S.G. § 3E1.1, comment. (n. 2); *United States v. March*, 999 F.2d 456, 463 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 483, 126 L.Ed.2d 434 (1993); *see also United States v. Harrington*, 947 F.2d 956, 963 (D.C.Cir.1991) (holding that pretrial drug rehabilitation efforts may indicate acceptance of responsibility even though defendant went to trial). For example, a defendant may admit his factual guilt but go to trial only to challenge the constitutionality or applicability of a statute. *See* U.S.S.G. § 3E1.1, comment. (n. 2).

Portillo–Valenzuela did not go to trial to assert such nonfactual challenges, however. He formally denied factual guilt by pleading not guilty, and forced the government to prove his factual guilt at trial. Portillo–Valenzuela's plea and insistence on trial "brought into question whether he manifested a true remorse for his criminal conduct." *United States v. Ochoa–Fabian*, 935 F.2d 1139, 1143 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992). Despite Portillo–Valenzuela's pretrial confession, the district court did not clearly err by concluding that forcing the government to prove factual guilt at trial indicated failure to "clearly demonstrate[ ] acceptance of responsibility." *See United States v. Garcia*, 987 F.2d 1459, 1461–62 (10th Cir.1993) (sustaining district court's denial of reduction because defendant forced government to go to trial on all counts, even though he claimed that he admitted responsibility before trial on all but the one count of which he was acquitted); *United States v. Davila*, 964 F.2d 778, 784 (8th Cir.) (upholding district court's denial of reduction because defendant pleaded not guilty on all counts and forced government to prove guilt, despite pretrial confession and offer to cooperate), *cert. denied*, —— U.S. ——, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992).

Portillo–Valenzuela suggests that the government's proof of his guilt was a mere formality because he did not deny his guilt. But the question is not whether he actively asserted his innocence, but whether he "clearly demonstrate[d]" acceptance of his guilt. U.S.S.G. § 3E1.1(a); *Chimal*, 976 F.2d at 613. Pleading not guilty and requiring the government to prove guilt at trial demonstrate denial of responsibility, regardless of how easily the government can prove

guilt. We therefore do not need to consider the extent of the government's evidence at trial, and deny the government's motion to supplement the record to include the trial testimony of the government's three witnesses.

■ Portillo–Valenzuela argues that the guidelines do not permit the court to deny the reduction simply because the defendant went to trial. He misunderstands application note 2 to section 3E1.1, which says that "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.... In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." This application note simply ·explains that in all but rare cases going to trial will preclude reduction for acceptance of responsibility, but in those rare cases acceptance of responsibility will be based upon pretrial statements and conduct rather than post-conviction admissions of guilt and expressions of remorse. It does not suggest that in some or all cases the court may not consider whether the defendant pleaded not guilty and went to trial.

Portillo–Valenzuela also argues that section 3E1.1(b) indicates that pleading guilty is not essential because it provides an additional reduction if a defendant with an offense level of sixteen or more either "timely provid[es] complete information ... concerning his own involvement in the offense" or "timely notif[ies] authorities of his intention to enter a.plea of guilty." Even if this subsection were additional evidence that pleading guilty is not always necessary, it does not suggest that a defendant's plea is irrelevant and may not be considered at all.

■ Finally, we note that we need not consider Portillo–Valenzuela's claim that he was entitled to an additional reduction under subsection (b) because that additional reduction only applies if the defendant qualifies for the two-level reduction under subsection (a). *See* U.S.S.G. § 3E1.1(b).

II. Constitutionality

■ Portillo–Valenzuela also argues that the Constitution prevents the court from pe-

nalizing him for his exercise of the right to trial. However, denying the reduction for acceptance of responsibility is not a penalty for exercising any rights. The reduction is simply a reward for those who take full responsibility. Therefore the court may constitutionally deny the reduction if the defendant's exercise of a constitutional right is inconsistent with acceptance of responsibility. *See United States v. Gordon,* 4 F.3d 1567, 1573 (10th Cir.1993) (holding that denying reduction for acceptance of responsibility is not an unconstitutional penalty for exercising Fifth Amendment rights); *United States v. Jones,* 997 F.2d 1475, 1477 (D.C.Cir.1993) (explaining that withholding leniency does not penalize defendant for exercising right to trial), *cert. denied,* —— U.S. ——, 114 S.Ct. 741, 126 L.Ed.2d 704 (1994); *United States v. Rogers,* 921 F.2d 975, 982–83 (10th Cir.) (stating that denying downward adjustment does not penalize exercise of Fifth Amendment rights), *cert. denied,* 498 U.S. 839, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990); *cf. Corbitt v. New Jersey,* 439 U.S. 212, 223, 99 S.Ct. 492, 499, 58 L.Ed.2d 466 (1978) (holding that state may constitutionally reduce sentences for those who plead guilty).

We therefore DENY the government's motion to supplement the record on appeal and AFFIRM Portillo–Valenzuela's sentence. The mandate shall issue forthwith.