42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James D. BROWN, Defendant-Appellant.
 No. 94-3099.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 James D. Brown appeals his convictions for conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. 846 and 841(a)(1). Mr. Brown also contends the district court erred in applying the sentencing guidelines to the facts of his case. We affirm.
 
 
 3
 A federal jury convicted Mr. Brown of conspiring with his wife, Ruby Brown, and daughter, Mary Louise Brown, to distribute cocaine. Mr. Brown was also found guilty of distributing cocaine to an undercover police officer, Johnnie Green. At trial, the court allowed the introduction of tape recorded phone calls between Officer Green and Mr. Brown's wife and daughter pursuant to the coconspirator exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E).
 
 
 4
 Mr. Brown asserts on appeal that the district court erred by allowing the introduction of the tape recorded statements made by Ruby and Mary Louise Brown. We have established a three-part test for admission of coconspirator statements as nonhearsay. " 'The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in futherance of the conspiracy.' " United States v. Urena, 27 F.3d 1487, 1490 (10th Cir.1994) (quoting United States v. Johnson, 911 F.2d 1394, 1403 (10th Cir.1990)). We review the trial court's factual findings on these matters only for clear error. Id.
 
 
 5
 We have recognized that the preferred order of proof in applying the coconspirator hearsay test is to hold a hearing outside the presence of the jury to establish the conspiracy prior to the admission of the alleged coconspirator statement. Urena, 27 F.3d at 1491. This order, however, "remains a preference," id., and we have generally deferred to the trial court's discretionary judgment to permit deviations, see United States v. Cardall, 885 F.2d 656, 669 (10th Cir.1989); United States v. Hernandez, 829 F.2d 988, 994-95 (10th Cir.1987), cert. denied, 485 U.S. 1013 (1988); United States v. Rivera, 778 F.2d 591, 595-96 (10th Cir.1985), cert. denied, 475 U.S. 1068 (1986).
 
 
 6
 The court below deviated from the preferred order by choosing not to hold a full hearing on the admissibility of the statements. Instead, the district court, during a bench conference, recited the criteria for applying the exception and initially held that the criteria was satisfied based on representations by the government. Rec., vol. II, at 137-38. Following the admission of the statements, the district court summarized the evidence and held that the government, true to its representations, had established the requisite elements. Thus, the court found there was ample evidence of a conspiracy between Mary Louise Brown, Ruby Brown, and Mr. Brown to distribute cocaine, and that the coconspirator statements were made during and in furtherance of the conspiracy. See rec., vol. II, at 231-32. The record supports these findings. Consequently, the district court's decision to admit the statements pursuant to the coconspirator hearsay exception was not clearly erroneous.
 
 
 7
 In the sentencing phase of his trial, Mr. Brown requested a three-part reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 based on the fact that he had admitted his responsibility to the presentence officer and to the court at sentencing. The district court denied the reduction. We defer to the district court's finding that Mr. Brown did not accept responsibility unless it is clearly erroneous. United States v. Portillo-Valenzuela, 20 F.3d 393, 394 (10th Cir.1994). Mr. Brown must prove that he is entitled to the reduction by a preponderance of the evidence. Id.
 
 
 8
 The commentary to section 3E1.1 provides that the section is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. 3E1.1, comment n. 2. Mr. Brown argues that his case fits within an exception to this general rule because he had a responsibility not to implicate his wife and co-defendant, who faced additional charges and still maintains her innocence. Although the commentary recognizes that there may be rare situations warranting exceptions, this is not one of them. See Portillo-Valenzuela, 20 F.3d at 394. Mr. Brown pled not guilty and required the government to prove his guilt at trial. We therefore hold that the trial court did not err in denying his request for a sentence reduction under section 3E1.1.
 
 
 9
 Finally, Mr. Brown alleges that the trial court erred by enhancing his sentence pursuant to U.S.S.G. 2D1.1(b)(1) for possession of a dangerous weapon. This adjustment applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 3E1.1, comment. n. 3. We review the district court's factual findings under the clearly erroneous standard. United States v. Underwood, 982 F.2d 426, 428 (10th Cir.1992).
 
 
 10
 Police found the firearms in the bedroom of Mr. Brown's residence, and Mr. Brown's wife was convicted of their possession. Mr. Brown contends the district court did not make a determination that he was aware of the possibility his coconspirators would possess weapons. The court stated, however, "There isn't any question in my mind that [Mr. Brown] knows that the guns are there." Rec., vol. II, at 268. We have held that a defendant convicted of a conspiracy to distribute drugs may receive a sentence enhancement under section 2D1.1 even though the defendant's coconspirator possessed the firearms. United States v. Goddard, 929 F.2d 546, 548 (10th Cir.1991). The weapons were present during the conspiracy and Mr. Brown was aware of their presence. "Since it is not 'clearly improbable' that the gun[s] [were] connected to the conspiracy, the enhancement was appropriate." Id. at 549.
 
 
 11
 We AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470