**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**OCT 21 1997**

TENET CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEOFFREY CHRIS CLEMENT,

    Defendant - Appellant.

No. 97-1098
(D.C. No. 95-CR-173-N)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-Appellant was indicted on forty charges of wire fraud, money laundering, aiding and abetting, and criminal forfeiture. One year after his indictment and one month before his scheduled trial date, the Defendant agreed to a plea bargain. At

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentencing, the district court adjusted the Defendant's sentence upward for obstruction of justice pursuant to the U.S. Sentencing Guidelines (U.S.S.G.) § 3C1.1. The district court denied an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1. The Defendant is appealing the application of the § 3C1.1 adjustment and the denial of the § 3E1.1 adjustment. We exercise jurisdiction over this appeal under 18 U.S.C. § 3742(a)(2), and affirm the sentence.

The Defendant argues the district court erred in adjusting his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We review the district court's factual findings on this issue for clear error. United States v. Shumway, 112 F.3d 1413, 1426 (10th Cir. 1997); United States v. Pretty, 98 F.3d 1213, 1221 (10th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 2436 (1997). Reviewing the record before us under this deferential standard, we hold there was no error in the district court's determination that the obstruction of justice adjustment was warranted.

This court reviews the factual findings underlying the denial of an acceptance of responsibility reduction under the clearly erroneous standard. United States v. Robertson, 45 F.3d 1423, 1449 (10th Cir. 1995); United States v. Portillo-Valenzuela, 20 F.3d 393, 394 (10th Cir. 1994). We review legal issues involving the interpretation of the sentencing guidelines de novo. United States v. Robertson, 45 F.3d at 1444; United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994); United States v. Levy, 992 F.2d 1081, 1083 (10th Cir. 1993).

The Defendant argues that the district court used the wrong test to determine when both an upward adjustment for obstruction of justice and a downward adjustment for acceptance of responsibility may be applied. Appellant's Br. at 21. Although these adjustments seem to contradict each other, they may be applied to the same defendant in "extraordinary cases." U.S.S.G. § 3E1.1 commentary n.4. Extraordinary cases exist when a defendant's obstructive conduct is not inconsistent with his acceptance of responsibility. United States v. Hopper, 27 F.3d 378, 383 (9th Cir. 1994) ("To conclude a case is not extraordinary, the district court must necessarily find the obstructive conduct is inconsistent with the defendant's acceptance of responsibility.").

The appropriate analysis for determining what constitutes an extraordinary case requires evaluating whether both adjustments are warranted. See United States v. Amos, 984 F.2d 1067, 1072-73 (10th Cir. 1993); United States v. Lallemand, 989 F.2d 936, 937-38 (7th Cir. 1993); United States v. Hicks, 948 F.2d 877, 885 (4th Cir. 1991). The defendant must clearly demonstrate that he is no longer obstructing justice and that he is truly contrite. See United States v. Amos, 984 F.2d at 1072-73; United States v. Rafaelito, 946 F.2d 107, 110 (10th Cir. 1991) ("And neither do Rafaelito's statements to the probation officer evidence a meek and contrite heart."). In determining whether Defendant's case was extraordinary, exhibiting both an abandonment of obstruction and a total acceptance of responsibility, the district court correctly evaluated whether the Defendant's claims that mental illness contributed to his illegal behavior belied a total

acceptance of responsibility.

The defendant must prove he is entitled to a reduction in his offense level under § 3E1.1 by a preponderance of the evidence. <u>United States v. Amos</u>, 984 F.2d at 1073; <u>United States v. Portillo-Valenzuela</u>, 20 F.3d at 394. Although Mr. Clement made a strong showing of accepting responsibility for his acts, under a deferential standard we do not find the district court erred in refusing to grant the requested reduction. The sentencing court is in a unique position to determine if the defendant is truly remorseful. U.S.S.G. § 3E1.1, commentary n.5. This court may overturn the district court's acceptance of responsibility determination only if it is without foundation. <u>United States v. Amos</u>, 984 F.2d at 1071-72; U.S.S.G. § 3E1.1, commentary n.5. The district court believed the Defendant did not fully accept responsibility for his acts because he still claimed that his mental illness was at least partially to blame for his behavior. This provides a sufficient foundation for the court's decision. On the merits of the case, and based upon the record before us, we do not believe the district court's determination clearly erroneous.

We therefore **AFFIRM** the sentence imposed by the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge

4