**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

VICTOR MANUEL FRIAS-
LEGARDA,

     Defendant-Appellant.

No. 96-2252
(D.C. No. CR-96-328-JC)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Victor Manuel Frias-Legarda was stopped at a border checkpoint at Alamogordo, New Mexico, and upon questioning was unable to provide registration or proof of insurance for the truck he was driving. He consented to a canine sniff search of the truck, which ultimately resulted in the discovery of over 130 pounds of marijuana hidden in the truck's gas tanks. He was convicted after a jury trial of possessing with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and sentenced to forty-one months in prison and two years of supervised release.

Mr. Frias-Lagarda's retained counsel filed a notice of appeal and subsequently filed a brief pursuant to Tenth Circuit Rule 46.4 (B) (1) and *Anders v. California*, 386 U.S. 738 (1967). *Anders* holds that if after conscientious examination counsel finds a case to be wholly frivolous, he should so advise the court and request permission to withdraw. Counsel must in addition submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any points he chooses, and the appellate court thereafter undertakes a complete examination of all the proceedings and decides whether the appeal is wholly frivolous. If it so finds, it may grant counsel's request to withdraw. *See id.* at 744. Although *Anders* itself dealt only with the duties of appointed counsel, Tenth Circuit Rule 46.4 (B)(1) imposes those duties on all counsel.

In his *Anders* brief, counsel presented two points of error, raising the trial court's denial of a three-point downward adjustment for acceptance of responsibility, and the trial court's refusal to let him re-cross examine a witness. Counsel also stated his opinion that the appeal presented no non-frivolous issues and requested leave to withdraw as counsel. Mr. Frias-Lagarda filed a pro se brief in response asserting that his counsel was incompetent in processing his appeal, and that the trial court's comments to counsel in front of the jury denied him due process. We turn to an examination of the proceedings to determine if this appeal is wholly frivolous.

Counsel raises the trial court's failure to give Mr. Frias-Lagarda a three-point reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance or responsibility. The trial court denied the reduction on the ground that Mr. Frias-Lagarda had consistently denied he knew the marijuana was in the fuel tanks. "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." § 3E1.1 comment. (n.2); *see also United States v. Portillo-Valenzuela*, 20 F.3d 393, 394-95 (10th Cir. 1994). Mr. Frias-Lagarda did not admit guilt and express remorse even after his conviction. Accordingly, we see no error in the district court's refusal to provide an adjustment for acceptance of responsibility.

Counsel also raises the issue of court-induced ineffective assistance due to the trial court's refusal to allow him to pursue three questions on re-cross examination. "We have held that '[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissable, and virtually all will be dismissed." *United States v. Moreno*, 94 F.3d 1453, 1456 (10th Cir. 1996) (citation omitted). We have recognized an exception to our general rule, however, and will hear ineffectiveness claims on direct appeal if the appellant's "argument that he was prejudiced by his trial counsel's actions fails as a matter of law." *Id.* (footnote omitted). Our review of the trial transcript allows us to make that determination here.

Although the trial court did not allow Mr. Frias-Lagarda's counsel to ask questions on re-cross, counsel called the witness in his own case-in-chief and was allowed to examine him at length and without objection. Accordingly, we hold as a matter of law that Mr. Frias-Lagarda was not prejudiced by the court-imposed limit on re-cross.

Mr. Frias-Lagarda asserts pro se that his counsel was ineffective in the manner in which he processed this appeal. Mr. Frias-Lagarda contends that counsel failed to timely pursue the appeal and failed to raise two additional issues. It is clear from the docket sheet that counsel's delay in ordering and

paying for the trial transcript was inordinate. However, Mr. Frias-Lagarda has as a matter of law failed to show prejudice because his counsel's delays have not resulted in our failure to consider his appeal on the merits. Likewise he cannot show prejudice from counsel's failure to raise the additional issues. Mr. Frias-Lagarda has himself raised them and we have considered them.

Finally, Mr. Frias-Lagarda argues that he was denied a fair trial as a result of comments made by the trial court to his attorney, which Mr. Frias-Lagarda contends show the court was biased against him.

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

We have carefully reviewed the entire trial transcript in this case, and we find nothing remotely approaching the high degree of antagonism required by *Liteky*. To the contrary, the comments at issue here are no more than mild expressions of impatience or annoyance described by the Supreme Court as

immune from attack on the basis of bias.  Accordingly, this claim is wholly frivolous.

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal.  The judgment is therefore **AFFIRMED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge