**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco CRUZ–MARTINEZ, Defendant–Appellant.**

**No. 01–2061.**

United States Court of Appeals, Tenth Circuit.

Dec. 21, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals the sentence imposed by the United States District Court for the District of New Mexico following his conviction for reentry of a deported alien,

previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and § 1326(b)(2). Defendant challenges only the district court's refusal to award him a reduction in offense level for acceptance of responsibility. Because Defendant failed to object in district court for its refusal to grant the reduction for accepting responsibility, we review the district court's decision for plain error. *United States v. Moudy*, 132 F.3d 618, 621 (10th Cir.1998).

Defendant was convicted after a full jury trial. While Defendant did not testify personally or elicit the testimony of others in his defense, Defendant did cross-examine the government's witnesses and did require the government to prove his guilt beyond a reasonable doubt. This court's prior ruling in *United States v. Portillo–Valenzuela*, 20 F.3d 393 (10th Cir.1994), is instructive. Mr. Portillo–Valenzuela was prosecuted for unlawful reentry of an alien (same crime as Defendant), pleaded not guilty, and went to trial. Like Defendant, Mr. Portillo–Valenzuela did not testify or attempt to challenge his original confession. We held that the district court did not err in refusing to grant Mr. Portillo–Valenzuela a reduction for acceptance of responsibility. *See id.* at 394–95. Defendant failed to demonstrate any meaningful distinction between the present case and our prior holding in *Portillo–Valenzuela.*

Defendant maintains that the district court held that the act of going to trial automatically disqualified him from receiving an acceptance of responsibility reduction. This argument is not in accord with our reading of the record. Examination of the record in a manner most favorable to Defendant fails to reveal that the district

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court committed error of any kind, much less plain error.

The district court's decision is hereby AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.