F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2002**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICAN,

Plaintiff - Appellee,

v.

ARMANDO GARCIA-ZAVALA,

Defendant - Appellant.

No. 02-4002
D.C. No. 2:01-CR-425-B
(D. Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Armando Garcia-Zavala challenges the district court's denial of a

downward adjustment for acceptance of responsibility. For the reasons set out

below, we affirm.

This court reviews the factual issue of whether a defendant has accepted

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

responsibility for clear error only. *United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996). Because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . the determination of the sentencing judge is entitled to great deference on review." *Id.* at 1292-93 (citing U.S.S.G. § 3E1.1, comment. (n.5)).

Mr. Garcia-Zavala was charged with one count of illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326. Before trial he admitted to the INS his name, that he was in the country illegally, and that he had previously been deported, but he still insisted on exercising his right to trial, requiring the government to prove his guilt. After his conviction by a jury, the district court determined that Mr. Garcia-Zavala was not entitled to a reduction of his sentence for acceptance of responsibility. The sentencing judge noted that the defendant "did . . . insist on going to trial and never until this point in time acknowledge to the Court his culpability. As I read the sentencing guidelines in my discretion the defendant is far from complying with the requirements." Rec., Vol. III at 8-9.

Mr. Garcia-Zavala contends that his decision to go to trial should not preclude the acceptance adjustment because he admitted the elements of the offense to the INS before trial and did not dispute his guilt during trial. However, the commentary in the Sentencing Guidelines on which Mr. Garcia-Zavala relies, as well as the case law interpreting that commentary, do not support his position.

In *United States v. Portillo-Valenzuela*, 20 F.3d 393 (10th Cir. 1994), we required the defendant to clearly demonstrate acceptance of responsibility by doing more than passively failing to object to the government as it put on its case. "Pleading not guilty and requiring the government to prove guilt at trial demonstrate denial of responsibility, regardless of how easily the government can prove [its case]." *Id.* at 394-95. We have said "[i]t is disingenuous to maintain that an individual 'clearly demonstrates' acceptance of responsibility by simply declining to controvert the government's evidence at trial. Instead, this language contemplates that the defendant will perform some affirmative act, rather than standing idly by while the government proves its case." *Ivy*, 83 F.3d at 1294. *See also United States v. Davila*, 964 F.2d 778, 784 (8th Cir. 1992), (upholding district court's denial of reduction because defendant pleaded not guilty on all counts and forced government to prove guilt, despite pretrial confession and offer to cooperate).

Mr. Garcia-Zavala contends there is an exception in the guidelines commentary to the effect that the court should look to his pre-trial confession in determining acceptance of responsibility even though he went to trial. Mr. Garcia-Zavala has misconstrued this commentary.

The exception in application note 2 to U.S.S.G. § 3E1.1 for those defendants who insist on going to trial is limited to "rare situations" in which the

defendant does not contend factual innocence but instead goes to trial in order to assert and preserve issues such as a constitutional challenge to a statute or to the applicability of the statute to his conduct. Mr. Garcia-Zavala maintains that he went to trial "as a form of protest as to the length of time that the sentencing guidelines indicate for this kind of crime." Rec., Vol. III at 7. That does not constitute the kind of "rare situation" envisioned by application note 2.

As we said in *Portillo-Valenzuela*, 20 F.3d at 395:

> This application note simply explains that in all but rare cases going to trial will preclude reduction for acceptance of responsibility, but in those rare cases acceptance of responsibility will be based upon pretrial statements and conduct rather than post-conviction admissions of guilt and expressions of remorse. It does not suggest that in some or all cases the court may not consider whether the defendant pleaded not guilty and went to trial.

Having discovered no clear error in this case, and giving deference to the decision of the sentencing court, we hold that the court here did not err in denying the adjustment for acceptance of responsibility. We therefore **AFFIRM** the decision of the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

-4-