**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 22, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN KEITH MAYS,

    Defendant - Appellant.

No. 25-6107
(D.C. No. 5:24-CR-00389-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Brian Keith Mays argues that his sentence violated his Sixth Amendment right to a jury trial by penalizing his decision to go to trial. Because our precedent forecloses his argument, we exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

Brian Keith Mays was charged with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), as well as possessing and brandishing a firearm in

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). Mays maintained his innocence and proceeded to trial, after which a jury convicted him of both counts. The probation officer's presentence report (PSR) calculated a total offense level of 22 under the United States Sentencing Guidelines. The PSR did not include a downward adjustment under § 3E1.1(a), which provides a two-level reduction if a "defendant clearly demonstrates acceptance of responsibility for his offense."[1]

During sentencing, Mays objected to the PSR's omission of a § 3E1.1(a) reduction. Mays did not claim that he had accepted responsibility. Rather, he asserted that the denial of the reduction unconstitutionally punished criminal defendants who exercise their Sixth Amendment right to a jury trial.[2] After noting that the cases Mays relied on do not address § 3E1.1(a), the district court overruled Mays's objection.

Mays timely filed his appeal. He argues that § 3E1.1(a) violates the Sixth Amendment by increasing the Sentencing Guidelines' baseline offense level when defendants exercise their right to a jury trial. Mays contends that the "Constitution

---

[1] In almost all cases, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S. Sent'g Guidelines Manual § 3E1.1(a) cmt. n. 2 (U.S. Sent'g Comm'n 2025). But a defendant who enters a guilty plea is not "entitled to [this] adjustment . . . as a matter of right." *Id.* § 3E1.1(a) cmt. n. 3.

[2] The Sixth Amendment guarantees that criminal defendants "shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI.

forbids legal frameworks that attach adverse consequences to the exercise of a protected right, including the right to a jury trial." Appellant Br. at 8 (citing *United States v. Jackson*, 390 U.S. 570, 581–83 (1968)). In other words, for defendants like Mays who exercise their Sixth Amendment rights, § 3E1.1(a) acts to impermissibly increase the "functional baseline" that guides sentencing. *Id.* at 10.

Our precedent forecloses Mays's argument. In *United States v. Portillo-Valenzuela*, this court explained that "denying the [§ 3E1.1(a)] reduction for acceptance of responsibility is not a penalty" for exercising one's right to trial. 20 F.3d 393, 395 (10th Cir. 1994). Instead, the "reduction is simply a reward for those who take full responsibility," so a court "may constitutionally deny the reduction if the defendant's exercise of a constitutional right is inconsistent with acceptance of responsibility." *Id.* (citing *United States v. Gordon,* 4 F.3d 1567, 1573 (10th Cir. 1993)). Put differently, exercising one's right to a trial does not mandate an increase to the Guidelines' offense level (and thus penalize defendants) but instead precludes a reduction (and thus withholds a reward).

That is precisely the case here.[3] Rather than penalizing Mays for exercising his Sixth Amendment rights, the district court "constitutionally den[ied] the reduction" and withheld the reward embedded in § 3E1.1(a) because Mays's

---

[3] Mays does not address *Portillo-Valenzuela*—or any other case that directly examines § 3E1.1(a)—in his brief. He does note that a district court recently ruled § 3E1.1(b) unconstitutional. *See United States v. Tavberidze*, 769 F. Supp. 3d 264, 272–73 (S.D.N.Y. 2025). But that court expressly refused to reach the constitutionality of § 3E1.1(a), *see id.*, which is the provision Mays challenges.

3

"exercise of [his Sixth Amendment] right [was] inconsistent with acceptance of responsibility." *See id.* In other words, Mays has it backwards: he did not, as he asserts, suffer adverse consequences for exercising his right to trial; instead, he did not benefit from an unwarranted reward.[4]

We affirm Mays's sentence.

                                        Entered for the Court

                                        Timothy M. Tymkovich
                                        Circuit Judge

---

[4] Precedent from other circuits supports this conclusion. *See, e.g.*, *United States v. White*, 869 F.2d 822, 826 (5th Cir. 1989) (stating that the "fact that a more lenient sentence is imposed upon a contrite defendant does not establish a corollary that those who elect to stand trial are penalized"); *United States v. Benitez*, 531 F.3d 711, 717 (8th Cir. 2008) (declining to "declare [§ 3E1.1] unconstitutional on the ground that it has a chilling effect on a defendant's exercise of his Sixth Amendment right to trial").