**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 04-3382 |
| | (D.C. No. 03-CR-40097-03-SAC) |
| JOSHUA J. QUIRARTE, | (Kansas) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**\*

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Joshua J. Quirarte pled guilty to two counts of distribution of 691 grams

and 1,356 grams respectively of methamphetamine, in violation of 21 U.S.C. § §

841 (a)(1), (b)(1)(A) and 18 U.S.C. § 2. The district court sentenced him to two

43-month sentences, to be served concurrently. Mr. Quirarte appeals his

---

\*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence, challenging the district court's refusal to grant a two-level reduction under U.S.S.G. § 3B1.2 for being a minor participant. He also contends his sentence is contrary to *United States v. Booker*, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We affirm.

Mr. Quirarte, along with several other individuals, participated in a number of different drug transactions. He pled guilty to distributing methamphetamine on two different occasions, including one deal where he was not accompanied by his cohorts. Information detailed in his presentence report (PSR) indicated Mr. Quirarte was involved in at least two other drug transactions, including a deal in which he was responsible for carrying money from the buyer. The report also indicated that the other individuals participating in these transactions played a greater role than Mr. Quirarte. He did not contest the additional facts in the PSR, but described himself as a simple drug courier, with his only interest in the operation being the flat fee he received for transporting the drugs. Because of this allegedly limited involvement, Mr. Quirarte believes the district court should have awarded him a two-level reduction for being a minor participant.

The PSR calculated Mr. Quirarte's base level offense at 34. It recommended a two-level reduction under the safety valve provision of U.S.S.G. § 5C1.2 and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b). It did not recommend a two-level reduction under § 3B1.2 for

being a minor participant, to which Mr. Quirarte objected. His total offense level of 29 combined with a criminal history category of I yielded a guideline range of 87-108 months.

The district court adopted the PSR's findings, granted the government's motion for a downward departure for substantial assistance pursuant to § 5K1.1, and sentenced Mr. Quirarte to concurrent 43-month sentences. Moreover, foreseeing the possibility that the federal sentencing guidelines would be deemed unconstitutional in light of *Blakely* and the then pending *Booker* appeal, the district court issued an alternative sentence, stating it would impose the same sentence for Mr. Quirarte under an advisory guidelines regime as it had under the mandatory system.

Mr. Quirarte first contends the district court erred by refusing to grant a two-level downward adjustment for being a minor participant in the drug distribution crime. The defendant's role in the offense, as determined by the trial court, is treated as a factual finding and is therefore subjected to review under the "clearly erroneous" standard. *See United States v. Santistevan*, 39 F.3d 250, 253 (10th Cir. 1994). "A finding of fact is 'clearly erroneous' if it is without factual support in the record," *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998). In practice, "the 'clearly erroneous' standard requires the appellate court to uphold any district court determination that falls within a broad range of

permissible conclusions." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990).

Section 3B1.2 of the sentencing guidelines permits a district court to grant a two-level offense reduction if it finds the defendant was a minor participant in the offense. Mr. Quirarte admits he was involved in two different drug transactions, one of which he completed without the presence of his more involved counterparts. The district court was not persuaded Mr. Quirarte was merely a courier and found the facts he pled to, along with the additional information detailed in the PSR, sufficient to deny a two-level minor participant reduction. We have routinely held, and Mr. Quirarte concedes, that even if the defendant is a "middle man" and simply assisting more culpable third parties, the district court is not compelled to exercise its discretion and grant a base offense level reduction under § 3B1.2. *See Santistevan*, 39 F.3d at 254 (holding multiple distributions of controlled substances sufficient for district court to deny base level offense reduction for minimal participation under § 3B1.2); *see also United States v. Montoya*, 24 F.3d 1248, 1249 (10th Cir. 1994) (defendant's involvement in more than single drug transaction undermined eligibility for § 3B1.2 reduction); *United States v. Garcia*, 987 F.2d 1459, 1461 (10th Cir. 1993) (upholding sentencing court's refusal to grant reduction where defendant was "go-between"). The court's denial of Mr. Quirarte's request for a base offense level

reduction is supported by the evidence and is not clearly erroneous.

Mr. Quirarte next complains that his sentence violated his Sixth Amendment rights. In *Blakely*, the Supreme Court extended the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to Washington state's determinate sentencing regime. 124 S. Ct. at 2536. In *Booker*, the Court applied *Apprendi* and *Blakely* to the federal sentencing guidelines, holding the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Court made the guidelines advisory in all cases. *Id.* at 757. The Court also expressly stated that its "interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id.* at 769. We therefore evaluate Mr. Quirarte's sentence in light of the Court's holding in *Booker*.

Sentences issued prior to *Booker* give rise to both constitutional and non-constitutional errors. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005). A constitutional *Booker* error exists when a sentencing court relied on judge-found facts to enhance a defendant's sentence in violation of the Sixth Amendment. Non-constitutional Booker error arises when a court applied

the federal sentencing guidelines in a mandatory fashion, even if the sentence was calculated based on facts that were admitted by the defendant, found by the jury, or based on a prior conviction. *Id.*

Because Mr. Quirarte did not raise his Sixth Amendment argument regarding § 3B1.2 in the district court, we review his claim for plain error.[1] FED. R. CRIM. P. 52(b); *see also United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005). To establish plain error, Mr. Quirarte must demonstrate that there was (1) error (2) that is plain and (3) affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *Gonzalez-Huerta*, 403 F.3d at 732. If Mr. Quirarte satisfies his burden of establishing the first three prongs of the plain error test, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 469-70 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *Gonzalez-Huerta*, 403 F.3d at 732.

This case does not present a constitutional *Booker* error because Mr. Quirarte's sentence was not enhanced based on judicial fact-finding. He claims the district court's refusal to grant a reduction in his base offense level for being

---

[1]At trial, Mr. Quirarte argued the drug amounts attributed to him violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004), but conceded that even without the additional drug amounts his base offense level would be the same. He does not reiterate this argument on appeal and we deem it waived. *See State Farm Fire & Cas. Co. V. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

a minor participant was a constitutional *Booker* error because the court's decision was based on judge-found facts. We have already ruled that the denial of an offense level reduction based on judge-found facts cannot be deemed to "enhance" a defendant's sentence for Booker purposes. *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005). Moreover, *Booker* held that only judge-found facts that *increase* the defendant's sentence above that permitted by facts found by a jury or admitted by the defendant violates the Sixth Amendment. 125 S. Ct. at 756. Here, Mr. Quirarte's guilty plea alone, without the downward adjustments he did receive, would warrant a sentencing range from 151-188 months.[2] Thus, his sentence was not increased above the range permitted by a jury finding or his guilty plea and the Sixth Amendment was not violated.

But Mr. Quirarte was sentenced under a mandatory sentencing scheme, which constitutes non-constitutional *Booker* error. *See Gonzalez-Huerta*, 403 F.3d at 732. As the error is now plain, he has satisfied the first two prongs of the plain error test. *Id.* Nonetheless, he has failed to establish the third prong, that is, that the error affected his substantial rights. In order to so demonstrate, Mr. Quirarte must show "a reasonable probability that but for the error claimed, the result of the

---

[2]The offenses to which Mr. Quirarte pled guilty involved 2.04 kg of methamphetamine. Section 2D1.1(c)(1)(3) provides that when the amount involved is at least 1.5 kg but less than 5 kg of methamphetamine, the base offense level is 34. A base offense level of 34 coupled with a criminal history category of I yields an applicable guideline range of 151-188 months.

proceeding would have been different." *Id.* at 733 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333, 2339 (2004)). The district court, foreseeing the possibility that the sentencing guidelines would be deemed advisory, issued an alternative sentence identical to the sentence mandated by the guidelines. In *United States v. Serrano-Dominguez*, this court held that where the district court issued an alternative sentence identical to the sentence mandated by the guidelines, the resulting error was harmless because "[t]he district court's statement eliminates any need to speculate about what it would do on remand." 406 F.3d 1211, 1224 (10th Cir. 2005). In light of the district court's alternative sentence, Mr. Quirarte cannot establish that additional sentencing proceedings would be different but for the non-constitutional *Booker* error. Because Mr. Quirarte failed to succeed on prong three, we need not reach prong four of the test. *United States v. Ambort*, 405 F.3d 1109, 1211 (10th Cir. 2005).

For the aforementioned reasons, we **AFFIRM** Mr. Quirarte's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-8-